United States District Court
Southern District of Texas
**ENTERED**
July 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| D'ASHAJUAN CHRISTOPHER JUSTICE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00079 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION FOR FAILURE TO PROSECUTE

Petitioner D'AshaJuan Christopher Justice, ID No. 2404514, has filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner is an inmate currently confined at the Texas Department of Criminal Justice's Allred Unit, located in Iowa Park, Texas.[1]  In a Notice of Deficient Pleading issued on March 24, 2023, Petitioner was notified that he must do one of the following within thirty days: (1) pay the $5.00 filing fee required to pursue this action; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement.  (Doc. No. 4.)  In this notice, Petitioner was warned that failure to comply in a timely manner may result in his case being dismissed for want of prosecution.  *Id.*

On April 25, 2023, the undersigned ordered Petitioner to either pay the full filing fee for this action or apply to proceed IFP.  (Doc. No. 5.)  Petitioner had until May 25, 2023 to respond to the April 25 order, and Petitioner was warned that failure to comply with the order in a timely

---

[1] Texas Department of Criminal Justice Inmate Search: Justice, D'Asha Juan, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=50680488 (last visited May 30, 2023).

manner would result in his case being dismissed for want of prosecution.  *Id*.  Petitioner failed to comply with the April 25 order.

The Court, however, noted that the address listed on the civil case's online docket system was incorrect.  Further, upon the Court's own review, the Court discovered that Petitioner had been relocated to the Allred Unit in Iowa Park, Texas.  Petitioner did not, as required, notify the Court of his relocation.  Nevertheless, the undersigned issued a second show cause order on May 30, 2023, ordering Petitioner to either pay the full filing fee for this action or apply to proceed IFP.  (Doc. No. 6.)  Petitioner had until June 30, 2023 to respond to the May 30 order, and Petitioner was warned that failure to comply with the order in a timely manner would result in his case being dismissed for want of prosecution.  *Id*. at 2.

Rule 12 of the Rules Governing Section 2254 Cases allows for the Federal Rules of Civil Procedure (the "Rules") to be applied in habeas actions, provided the Rules are not inconsistent with any statutory provisions or the habeas rules.  Pursuant to Rule 41(b), a district court may *sua sponte* dismiss a case for want of prosecution or for failure to comply with a court order.  The Fifth Circuit has held that Rule 41(b) is not inconsistent with the habeas rules.  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining the district court has the inherent authority to dismiss an action *sua sponte*, and this authority does not conflict with the habeas rules).  Therefore, Rule 41(b) applies to this habeas action.

To date, Petitioner has not satisfied the requirements to pursue his 28 U.S.C. § 2254 habeas action.  The Notice of Deficient Pleading (Doc. No. 4) and the show-cause order sent to Petitioner's correct address (Doc. No. 6) advised Petitioner that this action could be dismissed for want of prosecution if he failed to comply with the instructions provided.  Petitioner has repeatedly failed to follow court orders and submit the required funds or an application to

proceed IFP.  Petitioner has been clearly advised that this action may be dismissed (and, in the

most recent order (Doc. No. 6), that it would be dismissed) for want of prosecution if he fails to

comply with a court order.  For these reasons, dismissal of this petition is appropriate.

Accordingly, the undersigned recommends that Petitioner's habeas action be

**DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

SIGNED on July 5, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each

party or counsel.  Within 14 days after being served with a copy of the Memorandum and

Recommendation, a party may file with the Clerk and serve on the United States Magistrate

Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1),

and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 14 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District

Court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).